# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NEDZAD MUSIC, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 23-3616 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER HAN, | ) | **JURY DEMAND** |
| OFFICER DAY, | ) | |
| OFFICER PIGNATO, | ) | |
| VILLAGE OF LINCOLNWOOD, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Nedzad Music, by his undersigned counsel, respectfully submits the following Complaint against Defendants Officer Han, Officer Day, Officer Pignato, and Village of Lincolnwood:

## NATURE OF THE ACTION

1. Plaintiff Nedzad Music brings this action for excessive force based on injuries he suffered as a result of being beaten and tased by the Defendant officers outside of his home.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Nedzad Music was at all relevant times a resident of this judicial district.

3. Defendant Officer Han, Officer Day, and Officer Pignato are and were at all relevant times residents of this judicial district employed by the Village of Lincolnwood as police officers acting under color of law. Upon information and belief, Officer Han's full name is Jimmy Han, Officer Day's full name is Mitchell Day, and Officer Pignato's full name is Michael Pignato.

4. Defendant Village of Lincolnwood is a municipality in this judicial district that at all relevant times employed Defendant Officer Han, Officer Day, and Officer Pignato as police officers.

5. The Court has personal jurisdiction and venue is proper, because the parties are residents of this judicial district and the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, because Plaintiff asserts constitutional violations under 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's state law counts under 28 U.S.C. § 1367.

## BACKGROUND

7. On June 8, 2022, Plaintiff Nedzad Music was at home in the Village of Lincolnwood when he mistakenly called police.

8. Although there was no police emergency at his home, Plaintiff was under the mistaken impression that police may have been called to his home and called police to determine if that was the case.

9. Plaintiff and his wife spoke to the police dispatcher and confirmed with the police dispatcher there was no reason for police to respond to the call.

10. The police dispatcher informed Plaintiff and his wife that they should communicate this to the officers who responded.

11. The Defendant officers responded to Plaintiff's home and spoke to Plaintiff and his wife.

12. Plaintiff and his wife informed the Defendant officers that they were fine and there was no reason for the Defendant officers to be there.

13. The Defendant officers could see nothing was wrong.

14. Although Plaintiff and his wife repeatedly asked the Defendant officers to leave, the Defendant officers refused.

15. After being escorted outside, Plaintiff continued to ask the Defendant officers to leave.

16. Defendant officers then arrested Plaintiff and used excessive force in arresting him.

17. One of the officers, believed to be Defendant Officer Pignato, punched Plaintiff in the eye.

18. Another of the officers, believed to be Defendant Officer Han, struck Plaintiff with his flashlight multiple times.

19. All three officers struck Plaintiff about the body.

20. Plaintiff was tased multiple times.

21. Throughout the ordeal, Plaintiff's wife pleaded with the officers to stop, but they ignored her cries and continued to beat Plaintiff.

22. Plaintiff was left with significant physical injuries.

23. After arresting Plaintiff, the Defendant officers instituted criminal charges against Plaintiff for battery and resisting a peace officer.

24. These charges were stricken by way of the State's motion on or about December 21, 2022.

**COUNT I – 42 U.S.C. § 1983 EXCESSIVE FORCE**

25. Plaintiff realleges and reincorporates Paragraphs 1 through 24 as though set forth fully herein.

26. The acts of the Defendant officers in using excessive force against Plaintiff, and in failing to intervene to prevent the excessive actions of their fellow officers, were a deliberate and malicious deprivation of Plaintiff's right against excessive force guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

27. As a direct and proximate result of the unreasonable and unjustifiable force used by Defendant officers, Plaintiff suffered injuries, including disfigurement, pain and suffering, loss of enjoyment of life, and mental and emotional anguish.

## COUNT II – ASSAULT AND BATTERY

28. Plaintiff realleges and reincorporates Paragraphs 1 through 24 as though set forth fully herein.

29. The Defendant officers, with intent to do bodily harm to Plaintiff, assaulted and battered Plaintiff by striking him and tasing him, as set forth above.

30. The conduct of the Defendant officers was malicious, willful, and wanton.

31. As a direct and proximate result of the unreasonable and unjustifiable force used by the Defendant officers, Plaintiff suffered injuries, including disfigurement, pain and suffering, loss of enjoyment of life, and mental and emotional anguish.

32. The Defendant officers engaged in these actions in their capacities as employees and agents of the Village of Lincolnwood, rendering the Village liable under the doctrine of *respondeat superior*.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff realleges and reincorporates Paragraphs 1 through 24 as though set forth fully herein.

34. The conduct of the Defendant officers set forth above was extreme and outrageous.

4

35. The Defendant officers intended to cause or were in reckless disregard of the substantial probability that their conduct would cause severe emotional distress to Plaintiff.

36. The Defendant officers did directly and proximately cause severe emotional distress to Plaintiff.

37. The Defendant officers engaged in these actions in their capacities as employees and agents of the Village of Lincolnwood, rendering the Village liable under the doctrine of *respondeat superior*.

## COUNT IV – INDEMNIFICATION

38. Plaintiff realleges and reincorporates Paragraphs 1 through 24 as though set forth fully herein.

39. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

40. The Defendant officers were employees of the Village of Lincolnwood and acted within the scope of their employment in committing the actions described herein. The Village thus is liable for the compensatory damages awarded in this matter.

WHEREFORE, Plaintiff Nedzad Music respectfully requests that the Court enter judgment in his favor and against Defendant Officer Han, Officer Day, Officer Pignato, and the Village of Lincolnwood, awarding Plaintiff compensatory damages, punitive damages, pre and post-judgment interest, costs, attorney fees, and such other and further relief the Court deems just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATE: June 7, 2023                     Respectfully Submitted,

                                                             NEDZAD MUSIC

                                                             By: <u>/s/ Marko Duric</u>

Robert Robertson
Marko Duric
ROBERTSON DURIC
One North LaSalle, Suite 300
Chicago, Illinois 60602
(312) 223-8600
robrobertson1@sbcglobal.net
marko@robertsonduric.com

6