**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NEDZAD MUSIC, | |
| Plaintiff, | Court No. 1:23-cv-3616 |
| OFFICER HAN, OFFICER DAY, OFFICER PIGNATO, VILLAGE OF LINCOLNWOOD, | Honorable Sara L. Ellis |
| Defendants. | |

## QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 45 C.F.R. § 164.512(e)(1) and the Health Insurance Portability and Accountability Act of 1996, the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

(1)     The parties and their attorneys are hereby authorized to receive, subpoena, and transmit "protected health information" ("PHI") pertaining to **NEDZAD MUSIC**, to the extent and subject to the conditions outlined herein.

(2)     For the purposes of this Qualified Protective Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501. Without limiting the generality of the foregoing, "protected health information" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

*Qualified Protective Order Pursuant to HIPAA*
*Music v. Village of Lincolnwood et al.; 23-cv-3616*
*Page 2*

(3)    All "covered entities" (as defined by 45 CFR 160.103 and the Privacy Act of 1974, 5 U.S.C. § 552a) are hereby authorized to disclose "protected health information" pertaining to **NEDZAD MUSIC** to all attorneys, now of record, or who may become of record in the future of this litigation;

(4)    The parties and their attorneys shall be permitted to use the "protected health information" of **NEDZAD MUSIC** in any manner reasonably connected with the above-captioned litigation.  This includes, but is not limited to, disclosure to the parties, the attorneys' firm (*i.e.*, attorneys, support staff, agents and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5)    Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

(6)    Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, *except that*

counsel are not required to secure the return or destruction of protected health information submitted to the court.

(7)     This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103 and the Privacy Act of 1974, 5 U.S.C. § 552a;

(8)     Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

(9)     This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

Dated: December 20, 2023

_____
Sara L. Ellis
Unites States District Court Judge